**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER T. JACKSON, | No. 15-15660 |
| Plaintiff-Appellant, | D.C. No. 4:12-cv-06020-YGR |
| v. | |
| D. BRIGHT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

California state prisoner Christopher T. Jackson appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2014) (en banc) (legal rulings on exhaustion); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment for defendants Fernandez, Delgado, and Ellis in connection with their handling of Grievance No. CTF HC 12037007 because Jackson failed to raise a genuine dispute of material fact as to whether they were deliberately indifferent to his back pain. *See Toguchi*, 391 F.3d at 1058, 1060 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014) (en banc) (affirming judgment as a matter of law on deliberate indifference claim for prison administrative officer who relied on medical opinions of other doctors who had investigated inmate's complaint).

The district court granted defendants' motions to dismiss for failure to exhaust administrative remedies Jackson's claims against defendants Javate, Bright, Adams, and Ellis in connection with Grievance No. CTF HC 12037457. The district court analyzed the motions as unenumerated motions to dismiss under Federal Rule of Civil Procedure 12(b), relying on *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). In denying Jackson's motion for reconsideration of that decision, the district court did not apply our intervening decision in *Albino*, which held that

2                                                                              15-15660

failure to exhaust is an affirmative defense that should normally be raised through a summary judgment motion. *See Albino*, 747 F.3d at 1166. However, we treat the district court's dismissal of these claims and denial of reconsideration as a grant of summary judgment because the district court considered the parties' evidence in determining correctly that Jackson failed to exhaust administrative remedies. *See Draper v. Rosario*, 836 F.3d 1072, 1079 (9th Cir. 2016) (explaining that "[r]emand is not necessary . . . if the district court's dismissal of the plaintiff's claim can be construed as a grant of summary judgment[,]" such as when "it is clear that the district court considered evidence submitted by the parties in reaching its decision" (citation and internal quotation marks omitted)); *Albino*, 747 F.3d at 1176 (defendants must "plead and prove" plaintiff's failure to exhaust administrative remedies).

The district court did not abuse its discretion by denying Jackson leave to file a supplemental complaint because the supplemental complaint attempted to introduce separate, distinct, and new causes of action. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (reviewing denial of leave to file a supplemental complaint for abuse of discretion and stating that a supplemental complaint "cannot be used to introduce a separate, distinct and new cause of action" (citation and internal quotation marks omitted)).

15-15660

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' motion to strike evidence and arguments in Jackson's reply brief, filed on December 2, 2015, is denied.

**AFFIRMED.**

15-15660